## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                                      **NO: 20-118**

**NAVORIOUS HILLS**                                  **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Defendant Navorious Hills's Motion for Compassionate Release (Doc. 92). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Defendant Navorious Hills is currently serving a 60-month sentence for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Defendant has served approximately 32 months of that sentence. Defendant has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) stating that that there are extraordinary and compelling circumstances that merit his release. Defendant cites various health issues, including kidney failure, a subsequent kidney transplant and congestive heart failure and alleges that these comorbidities put him at "dire risk of severe

complications from COVID-19."[1] In light of his health issues, Defendant asks this Court to reduce his sentence to a term of supervised release. The Government opposes.

## LEGAL STANDARD

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."[2] Section 3582(c), as amended by the First Step Act, states in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except that— (1) in any case— (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)     extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

---

[1] Doc. 92.
[2] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).

The Sentencing Commission's policy statement regarding compassionate release sets forth what facts are considered "extraordinary and compelling." "Although historically sentence reductions could be ordered only upon a motion by the Director of the Bureau of Prisons, the First Step Act of 2018 amended the statute to additionally allow prisoners to petition the Court."[3] The Sentencing Commission's policy statements have not, however, been amended since the enactment of the First Step Act, "and consequently, a portion of the policy statement now squarely contradicts 18 U.S.C. § 3582(c)(1)(A) as amended."[4] In recognizing this discrepancy,

> [m]any courts have concluded that this discrepancy means that the Sentencing Commission does not have a policy position applicable to motions for compassionate release filed by defendants pursuant to the First Step Act. Accordingly, other district courts have found that they have discretion to determine what constitutes an "extraordinary and compelling reason[ ]" on a case by case basis, and reliance on the policy statement may be helpful, but not dispositive.[5]

Indeed, the Fifth Circuit has joined the Second, Fourth, Sixth, Seventh, and Tenth Circuits in holding that "neither the [Sentencing Commission's] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582."[6] Accordingly, this Court is not

---

[3] United States v. Perdigao, No. CR 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020).
[4] *Id.*
[5] *Id.*
[6] United States v. Shkambi, 993 F.3d 388, 393 (5th Cir. 2021). *See e.g.,* United States v. McGee, 992 F.3d 1035, 1050 (10th Cir. 2021) ("[T]he Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."); United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in

constrained by the Commission's policy statement in considering whether Defendant has presented an extraordinary and compelling reason for modification of his sentence. It is "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."[7]

The Fifth Circuit has explained, however, that although it is not dispositive, the policy statement may inform the Court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."[8] The policy statement provides, in relevant part, that, provided a defendant is not a danger to the community, extraordinary and compelling reasons exist under the following circumstances:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

---

motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

[7] *Shkambi*, 993 F.3d at 393.

[8] United States v. Thompson, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021).

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.[9]

## LAW AND ANALYSIS

Defendant argues that there are extraordinary and compelling reasons for his release in light of his medical conditions, which include congestive heart failure, a kidney transplant, immunosuppressant medications, and hypertension.[10] Defendant also raises other grounds that he believes warrant compassionate release, including the mandatory minimum precluding a downward departure in his case and the lack of availability of programming for the evidence-based recidivism reduction ("EBRR") program.[11] The Government opposes, responding that Defendant has not carried his burden to show extraordinary and compelling circumstances in regards to his medical conditions and has failed to exhaust his administrative remedies as to the other grounds listed in the Motion.

    *i.*   *Exhaustion of Remedies*

As a preliminary matter, the Court finds that Defendant only exhausted his administrative remedies based on his medical conditions. On September 14, 2022, Defendant submitted a request for compassionate release to the Warden of his facility.[12] Defendant requested compassionate release because his medical conditions place him at a higher risk of contracting and having severe complications from COVID-19.[13] Although the request was neither

---

[9] U.S.S.G. 1B1.13.
[10] Doc. 92 at 2.
[11] *Id.*
[12] Doc. 92-1.
[13] *Id.* at 2.

granted nor denied, he filed this Motion more than 30 days later. Thus, his administrative remedies are exhausted as to his medical conditions.

In this Motion, however, he cited several other grounds for compassionate release, namely the mandatory minimum precluding a downward departure in his case and the lack of availability of programming for the EBRR program.[14] He did not raise these grounds in his request to the Warden. Accordingly, as the request was not based upon the same facts as his request to the Warden, the Court finds that Defendant has only exhausted the administrative requirements to seek compassionate release based upon his medical conditions and the COVID-19 pandemic. As to any justification not raised in his request to the Warden, Defendant has failed to comply with 18 U.S.C. § 3582(c), and the Court must deny his request for compassionate release without prejudice to be brought once Defendant exhausts his administrative remedies.[15]

### ii. Extraordinary and Compelling Circumstances

As to Defendant's request for compassionate release based upon his medical conditions and the COVID-19 pandemic, the Court will consider the Motion on its merits. Defendant moves for compassionate release in response to the COVID-19 pandemic. Defendant has the burden to show that he is entitled to compassionate release and contends that his medical conditions

---

[14] Doc. 92.

[15] "For a petitioner's request to the warden to exhaust administrative remedies in accordance with § 3582(c)(1)(A), the request must be premised on the same facts alleged in the corresponding motion filed with the court." United States v. Samak, No. 91-189, 2020 WL 2473780, at *2 (E.D. La. May 13, 2020) (citing United States v. Walls, No. 92-80236, 2020 WL 1934963, at *3 (E.D. Mich. Apr. 22, 2020)).

make him more vulnerable to COVID-19.[16] As a result, Defendant argues that the COVID-19 pandemic constitutes extraordinary and compelling circumstances under § 3582(c)(1)(A)(i).

While Defendant discusses several of his medical conditions that make him more vulnerable to COVID-19, Defendant's records show that he contracted and recovered from COVID-19 and has also received the Moderna vaccine. Generally, "[c]ourts have held that, once vaccinated, the efficacy of the COVID-19 vaccines preclude the argument that a prisoner's susceptibility to the disease is extraordinary and compelling for purposes of § 3582(c)(1)(A)."[17] While Defendant does have a host of preexisting conditions, he has been fully vaccinated and recovered from COVID-19 with no complications, precluding a finding of extraordinary and compelling reasons.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED.** Defendant's Motion based on the COVID-19 pandemic is **DENIED.** Defendant's Motion as it pertains to the mandatory minimum precluding a downward departure in his case and the lack of availability of programming for the EBRR program is

---

[16] United States v. Stowe, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

[17] United States v. Gibson, No. CR 14-86, 2021 WL 3164176, at *2 (E.D. La. July 27, 2021); United States v. Payne, No. CR 14-86, 2021 WL53313, at *2 (E.D. La. Jan. 6, 2021); United States v. Dinet, No. CR 18-157, 2020 WL 4544482, at *3 (E.D. La. Aug. 6, 2020) ("Defendant has already contracted the virus about which he is concerned and, fortunately, successfully recovered despite his many preexisting conditions. Defendant does not present any argument or evidence that he is at risk of reinfection or that a second contraction may not end as favorably").

**DENIED** as premature and may be re-urged once the requirements of 18 USC § 3582 are met.

New Orleans, Louisiana this 25th day of July, 2023.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

8